1  J. SCOTT GERIEN, State Bar No. 184728
   CHRISTOPHER J. PASSARELLI, State Bar No. 241174
2  DICKENSON, PEATMAN & FOGARTY
   1455 First Street, Ste. 301
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for Plaintiff
   J KNIX LLC

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  J KNIX LLC,                          CASE NO.

12          Plaintiff,                   **COMPLAINT**

13      vs.                              1. **Declaratory Relief**
                                         2. **Abandonment Of Trademark**
14  KNIX WEAR INC., and DOES 1 through   3. **Inequitable Conduct**
    10, inclusive,                       4. **Common Law Trademark**
15                                          **Infringement**
          Defendants.                    5. **Common Law Unfair Competition**
16                                       6. **California Unfair Business Practices**

17                                       **DEMAND FOR JURY TRIAL**

18

19

20      Plaintiff, J KNIX, LLC, for its complaint against Defendants, KNIX WEAR INC. and

21  DOES 1 through 10, inclusive, alleges as follows:

22                      <u>**NATURE OF ACTION**</u>

23      1.  This is an action for declaratory relief under the Declaratory Judgment Act seeking a

24      declaration of the Court that Plaintiff has not infringed and/or violated any rights of

25      Defendant, Knix Wear Inc. under the Lanham Act by virtue of Plaintiff's use of the

26      trademarks jKNIX and jKNIX·U on or in connection with various clothing and apparel

27      items, particularly undergarments; that Plaintiff's marks are valid, protectable marks

28      rightfully owned by Plaintiff; and that, at the very least, Plaintiff has superior common

        law rights in the marks jKNIX and jKNIX-U in one or more remote geographic regions

    COMPLAINT                    1                    CASE NO.

of the U.S. and/or is a concurrent user despite any competing trademark rights that Knix Wear may otherwise have.  This action is also brought to redress unfair business practices and violations of the federal Lanham Act for trademark infringement, unfair competition and invalidity of Defendant Knix Wear Inc.'s asserted trademarks encompassing the term "KNIX:"  (1) by virtue of Knix Wear's lack of use of its asserted marks in relation to the goods claimed in its corresponding applications for registration; (2) due to Knix Wear's lack of any bona fide intent to use its marks on or in connection with the goods claimed in its pending applications and/or registrations; (3) due to Knix Wear's nonuse for three consecutive years and consequent abandonment of its marks on or in connection with the goods claimed in its pending applications and/or registrations; (4) on the basis of Plaintiff's prior analogous trademark and/or trade name use of the mark jKNIX prior to Knix Wear's U.S. application filing dates and/or claimed priority date of September 4, 2012 for its KNIX-derivative applications and registration(s); (5) Knix Wear's inequitable conduct in failing to disclose upon direct request of the USPTO the significance of the term KNIX; and (6) invalidity of Knix Wear's marks KNIX, KNIXY, KNIXWEAR, and FITKNIX on the basis that the marks are generic and/or descriptive for the goods being sold by Knix Wear Inc.

## THE PARTIES

2. Plaintiff, J Knix, LLC ("jKnix"), is a California Limited Liability Company with its principal place of business located at 465 A Coloma Street, Sausalito, California 94965.

3. Upon information and belief, Defendant, Knix Wear Inc. ("Knix Wear"), is a Canadian corporation with its principal place of business located at 50 Major Street, Toronto, Ontario, Canada M5S 2L1.

4. Upon information and belief, the Defendants sued herein as DOES 1-10 are individuals and entities whose names and identities are currently unknown to Plaintiff and who are

engaged in the acts described below. Plaintiff will amend this complaint to identify these individuals or entities as soon as their identities become known.

5. Plaintiff is informed and believes and, based thereon alleges that at all times relevant to this complaint, there existed a relationship between each of the Defendants in the nature of a joint venture, partnership, principal and agent, employer and employee, master and servant aider and abettor, and principal and/or conspirator. Each and every act of each of the Defendants was duly authorized or ratified by each of the other Defendants and carried out within the course and scope of such relationship. Hereafter, Defendants Knix Wear LLC and DOES 1-10 shall be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) as the claims arise under the federal Lanham Act, 15 U.S.C. §§ 1116-1127. This Court also has jurisdiction over this matter under 28 U.S.C. §§ 2201(a) and 2202 in that this is an action for declaratory judgment that the Plaintiff does not infringe any right or alleged trademark of Defendant Knix Wear Inc. and for judgment that Knix Wear's corresponding federal trademark applications are void *ab initio* and/or otherwise invalid. This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

7. Upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(d), as Defendants are doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

///

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is subject to assignment on a district-wide basis.

**ALLEGATIONS COMMON TO ALL CLAIMS**

10. Plaintiff jKnix is a limited liability company engaged in the sale of various women's clothing and apparel items, including: camisoles, tops, t-shirts, tank-tops bras, pants, dresses, leggings, slips, wraps and catsuits.  jKnix has been in business since 2012 and has been selling its clothing and apparel products in U.S. Commerce since September 2014.

11. Plaintiff jKnix filed its Articles of Organization with the California Secretary of State under the trade name J Knix, LLC on September 10, 2012 and has since continuously used that trade name in the establishment of its business. A printout from the California Secretary of State's website showing the status of J Knix, LLC, including its filing date, is attached hereto as Exhibit A.

12. jKnix is the owner of several federally registered trademarks, including: jKNIX·U (U.S. Trademark Registration No. 4692921) in connection with "brassieres; camisoles; chemises; girdles; lingerie; nightgowns; pajamas; panties; panties, shorts and briefs; shapewear, namely, body shapers; sleepwear; slips; undergarments; women's underwear," claiming first use in commerce at least as early as November 2014, as well as several pending applications for registration, including: jKNIX (U.S. Trademark Application Ser. No. 86/189,110) in connection with "brassieres; camisoles; chemises; girdles; lingerie; nightgowns; pajamas; panties; panties, shorts and briefs; shapewear, namely, body shapers; sleepwear; slips; undergarments; women's underwear; loungewear; bathing suits" in Class 25, with first use in commerce at least as early as September 2014 (collectively, the "jKNIX Marks"). Copies of USPTO TSDR printouts for the jKNIX Marks are attached hereto as Exhibit B.

13. At all times relevant to the acts complained of herein, jKnix has used the jKNIX Marks to identify its goods and to distinguish them from the goods made and sold or offered

---

COMPLAINT                                    4                                    CASE NO.

by others by, among other things, prominently displaying the marks on its website URL <jknix.com> and on its packaging physically affixed to its goods. Screenshots from jKnix's website URL, <jknix.com>, showing use of the mark jKNIX and the goods that are sold by Plaintiff under the jKNIX Marks, are attached as <u>Exhibit C</u>.

14. On information and belief, Defendant Knix Wear is engaged in the sale and distribution of women's underwear, which goods are distributed in the United States and in this judicial district under various names, including: KNIX, KNIXWEAR, FitKnix, and Knixy. Screenshots from Knix Wear's website URL, <knixwear.com>, showing the goods that are purportedly sold in the U.S. by Knix Wear, are attached as <u>Exhibit D</u>.

15. From the inception of its business, all goods sold by jKnix have been and currently are designed and manufactured in California, United States of America.

16. On information and belief, all of Defendant Knix Wear's products are designed in Canada and manufactured in South Korea.

17. Knix Wear contends that it owns and uses in commerce, *inter alia*, the following marks: Knix (subject of U.S. Trademark Application Serial No. 85/799,741) for "Body shapers; Dresses; Headbands; Hosiery; Leggings; Leotards; Lingerie; Pants; Shirts; Shorts; Skirts; Sleepwear; Swimwear; Underwear (none of the aforesaid relating to or promoting the sport of basketball)," Knixy (Application Ser. No. 85/799,823) for "Body shapers; Headbands; Lingerie; Shirts; T-shirts; Undergarments," and Fitknix (Application Ser. No. 85/799,823) for "Body shapers; Headbands; Lingerie; Shirts; Underwear" in Class 25 (collectively, the "Knix Wear Marks").

18. On information and belief, Knix Wear does not currently, and from its inception to date, has not ever sold any other product except women's underwear.

19. Plaintiff's clothing and apparel products sold under the mark jKNIX come in a variety of colors (each discrete product has approximately ten different color options), whereas, upon information and belief, Defendant Knix Wear's underwear products typically are sold in only one to three different colors (e.g., beige, black and maroon).

20. The parties' products are made with different fabrics, and Plaintiff's clothing and apparel products are marketed to the general public, whereas, upon information and belief, Defendant Knix Wear's products are marketed primarily toward women dealing with urinary incontinence.

21. Prior to the common law first use date(s), application filing date(s), and/or constructive U.S. priority date for each of the Knix Wear Marks, Plaintiff used the trade name "J KNIX LLC" and/or the mark "jKNIX" in the United States, including Plaintiff's use or analogous use of the mark and/or trade name in pre-sales activities, and at no time abandoned the trade name and mark.

22. On information and belief, Knix Wear's women's underwear products are sold in the United States in packages which bear the plain text words "knix™ Knickers," "knixy™ Knickers," and/or "fitknix™ Knickers" thereon, as depicted below:



23. During the prosecution at the U.S. Patent and Trademark Office ("USPTO") of Application Ser. No. 85/799,741for Defendant Knix Wear's purported mark Knix, the Examining Attorney assigned to the application issued an Office Action dated April 2, 2013 (Exhibit E hereto) requiring Knix Wear to respond to several issues, including a "Request for Information" from Knix Wear in response to the following USPTO inquiry:

The applicant must directly answer the following question(s) and/or provide the information requested:

Does KNIX have any significance as applied to the goods and/or services other than trademark and/or service mark significance?

Does KNIX have any significance in the relevant trade or industry other than trademark and/or service mark significance?

Does the applicant manufacture or offer any of the goods and/or services that appear in the registrant's and/or prior pending applicant's identification of goods and/or services?

If available, the applicant will provide a website address at which the goods and/or services are offered and/or the mark is used. If no website is available, then the applicant will state this fact for the record.

24. On information and belief, Knix Wear did not respond to the above request for information from the USPTO, which failure to respond can provide grounds for refusing federal registration of the proposed mark subject of Application Ser. No. 85/799,741.

25. On information and belief, the term "knix" as used by Knix Wear is the phonetic equivalent to the term "knicks," which is a commonly accepted abbreviated form of the term "knickers" – a term which is commonly defined in dictionaries as "underpants" (see, e.g., printouts from the Merriam-Webster Online Dictionary, located at: < http://www.merriam-webster.com/dictionary/knickers>, the New York Knicks U.S. professional basketball team's website, located at: <http://www.nba.com/knicks/history/whatsaknickerbocker.html>, and the Oxford Dictionary definition for "knicks" located at: <http://www.oxforddictionaries.com/us/definition/english/knicks> attached hereto as Exhibit F).

26. On information and belief, Knix Wear did not disclose to the USPTO the meaning of the term "knix" (i.e., as shorthand for the term "knickers") as used by Knix Wear on or in connection with its underwear products, nor did Knix Wear disclose to the USPTO common definition of its goods "knickers" and the corresponding significance of the term "knix" or "KNIX" as applied to Knix Wear's underwear goods, or the significance of the term in the apparel industry.

DICKENSON PEATMAN 🙟 FOGARTY

27. Upon information and belief, the parties' respective marks are significantly different from each other, and are presented to the consuming public differently. For example, on information and belief, Knix Wear presents the Knix Wear Marks on its website and product packaging in plain lower-case, black lettering in a Times New Roman font (i.e., "**knixwear**"), while jKnix presents the jKNIX Marks in a stylized, multi-colored font whereby each letter comprising the mark jKNIX bears a different color or colors, creating a "rainbow" visual effect (i.e.,  ), typically accompanied by the tagline "inspiring beautiful" (subject of U.S. Trademark Registration No. 4,641,877), or alternatively, with a small letter "j" preceding the remainder of the mark, "KNIX" in all capital letters in Arial font (i.e., jKNIX). The parties' respective house marks are shown together in a side-by-side comparison, below:

28. On or around March 10, 2015, Knix Wear through counsel sent a letter (the "March 10 Letter") to jKnix (attached as Exhibit G hereto). In the March 10 Letter, Knix Wear contends (1) that it sells apparel across the United States; (2) that it owns the three pending trademark applications covering the Knix Wear Marks, which applications claim priority to corresponding Canadian applications filed on September 4, 2012; (3) that Knix Wear sells apparel in both the U.S. and Canada, and that the use of jKNIX by Plaintiff therefore infringes Knix Wear's rights in its "Knix family of marks" in violation of federal and state trademark and unfair competition law; (4) that the parties' respective marks are almost identical and the goods are the same; (5) demanding a full accounting of all jKNIX branded products in the event that Plaintiff fails to cooperate; and (6) issuing an overt threat of "filing suit for injunctive relief and money damages." The March 10 letter sets a deadline to respond within ten (10) days.

29. In the March 10 Letter, Knix Wear also demanded that jKnix "provide written assurance that [it] will promptly and permanently change its name and mark from

jKNIX to something which is not confusingly similar with [its] earlier name and marks."

30. jKnix through its trademark counsel promptly responded to Knix Wear's letter by phone on March 13, 2015, inviting counsel for Knix Wear to discuss the matter.

31. On March 17, 2015, trademark counsel for jKnix spoke to counsel for Knix Wear by phone, indicating that a formal response to the March 10 letter was forthcoming, and requesting information from Knix Wear's counsel regarding the earliest date that Knix Wear had conceived, adopted and used the asserted Knix Wear Marks.

32. On March 19, 2015, trademark counsel for jKnix corresponded via email with counsel for Knix Wear, providing information regarding the early conception and use of the mark jKNIX by Plaintiff and reiterating its prior request for information regarding Knix Wear's date of adoption and early use of the Knix Wear Marks, as well as any known instances of actual confusion between the Knix Wear Marks and the jKNIX Marks on the part of consumers.  Counsel for Knix Wear responded the next day, on March 20, 2015, stating "I will look into this and get back to you shortly."  The email communications of counsel of March 19 and 20, 2015 are attached hereto as Exhibit H.

33. On April 1, 2015, counsel for Knix Wear finally responded with no evidence of conception, adoption or early use of the Knix Wear marks, instead simply stating in conclusory fashion that the Knix Wear brands were "first presented to the public at least as early as early 2012."  Counsel's email communication of April 1, 2015 is attached hereto as Exhibit I.

34. Upon information and belief, Knix Wear's underwear sold under the Knix Wear Marks were available for sale in U.S. commerce by Defendant Knix Wear no earlier than August 31, 2013 at a handful of retail outlets on the East Coast and some Midwestern states of the United States.

35. Upon information and belief, to date, despite coexistence in the marketplace for a significant period of time, neither Plaintiff nor Defendant Knix Wear are aware of any

instances of actual confusion between any of the Knix Wear Marks on the one hand, and any of the jKNIX Marks, on the other.

36. Upon information and belief, Defendants have sold and distributed, and continue to sell and distribute underwear under the Knix Wear Marks to various retailers throughout the U.S. and in California, including in this judicial district.

37. Plaintiff jKnix sells and distributes its apparel products under the jKNIX Marks to be sold in the twenty-nine dollar ($29.00) range to the one hundred forty-three dollar ($143.00) range. jKnix sells a wide range of apparel products in addition to underwear (e.g., shirts, camisoles, bralettes, tops, tank-tops, and pants) in between these two price points.

38. Upon information and belief, Defendants sell and distribute only underwear products under the Knix Wear Marks to be sold in the twenty dollar ($20.00) to forty dollar ($40.00) price range. Upon information and belief, aside from underwear products, no other products have been or are currently being sold in Canadian or U.S. commerce under the Knix Wear Marks.

39. Upon information and belief, Knix Wear adopted the Knix Wear Marks after Plaintiff's adoption, and use of its jKNIX Marks.

40. Upon information and belief, Knix Wear was aware of Plaintiff's jKNIX Marks for various clothing and apparel products (including but not limited to underwear) at the time of adopting the Knix Wear Marks for underwear products.

41. Knix Wear filed U.S. Trademark Application Serial Nos. 85/799,741 85/799,847 and 85/799,823 for the Knix Wear Marks after Plaintiff adopted the mark jKnix and used the trade name J KNIX LLC in the United States. The corresponding applications for registration of the Knix Wear Marks Application were filed based on the September 4, 2012 priority date for the corresponding Canadian applications for the same marks under Section 44D. Application Serial No. 85/799,741 was later amended to include Section 1B intent to use the mark in commerce as a basis for registration. Application

Serial Nos. 85/799,847 and 85/799,823 were later amended to Section 44E filing basis. None of the Knix Wear Marks have yet achieved registration in the U.S.

**FIRST CAUSE OF ACTION**
(Declaration of Non-Infringement of the
Knix Wear Marks and No Unfair Competition)

42. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

43. There is presently a dispute between jKnix and Defendants regarding the parties' rights.

44. Defendant Knix Wear, on the one hand, contends that it owns rights in and to the marks KNIXWEAR, as well as, KNIX, KNIXY and FITKNIX (subject of U.S. Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823) and that jKnix's use of the jKNIX Marks will cause confusion with the Knix Wear Marks or otherwise infringe the rights of Knix Wear to its asserted "Knix family of marks" in violation of federal and state trademark and unfair competition law.

45. Plaintiff jKnix, on the other hand, contends that its use of the jKNIX Marks will not cause consumers to believe that Knix Wear's underwear goods are affiliated with, connected with or sponsored or licensed by jKnix (or vice versa), or that there is a likelihood of confusion between the Knix Wear Marks and the jKNIX Marks, because, among others:

(a)     The parties' packaging is different from one another and they make different commercial impressions.

(b)     Consumers do not perceive the terms Knixwear, Knix, FitKnix or Knixy to have any trademark significance, but instead deem the Knix Wear marks to be a descriptive and/or generic term for Knix Wear's claimed underwear goods (aka "knickers"), while in contrast, the jKNIX Marks are actually distinctive in relation to all of the various clothing and apparel goods sold

by jKnix and covered under the corresponding Trademark Application Ser. No. 86/189,110 for the mark jKNIX and U.S. Trademark Registration No. 4,692,921 for jKNIX·U.

(c)     Upon information and belief, Knix Wear sells only underwear under the Knix Wear Marks, while jKnix sells multiple lines of apparel items in addition to underwear, including but not limited to: tops, shirts, leggings, pants, wraps, catsuits and the like.

(d)     Upon information and belief, Knix Wear's underwear sold under the Knix Wear Marks are manufactured in South Korea, while the goods sold by jKnix are all advertised as being designed and manufactured in California, United States.

(e)     The producer of each party's goods is clearly indicated on the packaging of both parties' respective products.

(f)     There has been no actual confusion in the marketplace regarding the parties' respective products. The absence of actual confusion demonstrates that it is highly unlikely that there is any likelihood of confusion.

46. For all of the foregoing reasons, among others, jKnix disputes the Defendants' contentions and contends that its use of the jKNIX Marks in connection with the production, promotion and sale of its apparel products does not infringe any valid, enforceable trademark rights of Knix Wear or constitute unfair competition under any federal or state trademark or unfair competition laws.

47. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, jKnix is entitled to a judicial declaration as to whether its use of the jKNIX Marks (i) infringes any valid rights of Knix Wear in the Knix Wear Marks, or (ii) constitutes unfair competition.

//

//

COMPLAINT                                    12                              CASE NO.

**SECOND CAUSE OF ACTION**
(Declaration of Invalidity as to the Knix Wear Marks as Void *Ab Initio*)

48. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

49. Plaintiff jKnix contends that its use of the trade name J KNIX LLC and/or analogous trademark use of the jKNIX Marks prior to the application date(s), common law first use date(s) and/or claimed priority date(s) of the Knix Wear Marks acts as a bar to Knix Wear's common law use, as well as, federal registration of the Knix Wear Marks with the USPTO and therefore renders the Knix Wear Marks and corresponding Application Ser. Nos. 85/799,741, 85/799,847 and 85/799,823 void *ab initio* and/or otherwise invalid as of the respective common law first use date(s) of the Knix Wear Marks and/or the priority date(s) of each application for the Knix Wear Marks, because the Knix Wear Marks do not qualify use in commerce, nor for federal registration pursuant to Trademark Act, Section 2(d).

50. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, jKnix is entitled to a judicial declaration as to whether the Knix Wear Marks qualify for continued use and federal registration in light of prior trade name use and/or analogous trademark use of the jKNIX Marks on the part of jKnix.

**THIRD CAUSE OF ACTION**
(Declaration of Invalidity of the Knix Wear Marks
as Descriptive and/or Generic)

51. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

52. Plaintiff jKnix contends that consumers do not perceive the terms Knix, Knixwear, FitKnix or Knixy to have any trademark significance, but instead deem the Knix Wear Marks to be descriptive and/or generic terms for Knix Wear's claimed underwear goods

DICKENSON PEATMAN ⊗ FOGARTY

(aka "knickers"), while in contrast, the jKNIX Marks are actually distinctive in relation to all of the various clothing and apparel goods sold by jKnix, and covered under the corresponding Trademark Application Ser. No. 86/189,110 for the mark jKNIX and U.S. Trademark Registration No. 4,692,921 for jKNIX·U.

53. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, jKnix is entitled to a judicial declaration as to whether the Knix Wear Marks qualify for continued use and/or federal registration in light of the fact that Knix Wear's only products which have in the past been and are currently available for sale are underwear, which are commonly known as "Knickers."

## FOURTH CAUSE OF ACTION
(Declaration of Validity and Ownership by Plaintiff of the jKNIX Marks)

54. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

55. Plaintiff jKnix contends that its common law jKNIX Marks and corresponding U.S. Trademark Application Ser. No. 86/189,110 and U.S. Trademark Registration No. 4,692,921 are valid, registerable trademarks properly owned by Plaintiff jKnix.

56. Defendant Knix Wear, on the other hand, contends that the jKNIX Marks are likely to cause confusion and are not properly subject to federal registration.

57. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, jKnix is entitled to a judicial declaration that the jKNIX Marks qualify for continued use and/or federal registration as valid protectable trademarks rightfully owned by Plaintiff jKnix.

## FIFTH CAUSE OF ACTION
(Declaratory Judgment – Common Law User in a Remote Geographic Area - 15 U.S.C. § 1115(b)(5))

58. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

59. Plaintiff jKnix contends that it has the right to use the jKNIX Marks within the State of California and other regions of the U.S. pursuant to 15 U.S.C. § 1115(b)(5), as Plaintiff has continuously used the jKNIX mark (subject of Application Serial No. 86/189,110) within California and other regions within the United States uninterrupted since at least as early as September 2014, and that it has continuously used the jKNIX·U mark (subject of Reg. No. 4,692,921) within California and in United States commerce uninterrupted since at least as early as November 2014.

60. Plaintiff began using the jKNIX Marks without knowledge of the Defendant Knix Wear's prior use of the Knix Wear Marks elsewhere.

61. Upon information and belief, Plaintiff used the jKNIX Marks before Knix Wear used the Knix Wear Marks within California and other regions within the United States with respect to some or all of the goods claimed by Defendant Knix Wear under the Knix Wear Marks.

62. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, jKnix is entitled to a judicial declaration that the jKNIX Marks are valid, protectable trademarks rightfully owned by Plaintiff in certain specific geographic region(s), including but not limited to those geographic areas where jKnix's common law use or priority of the jKNIX Marks predates Knix Wear's common law use or priority of its Knix Wear Marks.

## SIXTH CAUSE OF ACTION
(Declaratory Judgment - Concurrent Use)

63. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

64. Plaintiff jKnix contends in the alternative that its use of and rights in the jKNIX Marks give rise to concurrent use of the jKNIX Marks and the Knix Wear Marks within California and other regions within the United States with respect to the goods claimed by Defendant Knix Wear under the Knix Wear Marks.

65. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, jKnix is entitled to a judicial declaration that the jKNIX Marks are valid, protectable trademarks in the specific geographic region(s) where jKnix's use of the jKNIX Marks is concurrent with Knix Wear's use of its Knix Wear Marks.

## SEVENTH CAUSE OF ACTION
### (Lack of Bona Fide Intent to Use)

66. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

67. Upon information and belief, at all times herein, or at least as of the filing date(s) and/or constructive priority date(s) of U.S. Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823, Defendant Knix Wear lacked and currently lacks the bona fide intent to use in U.S. commerce and in fact never had bona fide intent to use in commerce its Knix Wear Marks in connection with certain goods identified in its applications, including but not limited to:

(a)   "body shapers, dresses, headbands, hosiery, leggings, leotards, pants, shirts, shorts, skirts, sleepwear, swimwear" under the common law trademarks Knixwear and Knix, as well as Application Serial No. 85/799,741;

(b)   "body shapers, headbands, t-shirts and shirts under the common law trademark Knixy, as well as Application Serial No. 85/799,847; and

(c)   "body shapers, headbands, and shirts" under the common law trademark FitKnix, as well as Application Serial No. 85/799,823.

68. Upon information and belief, by virtue of Knix Wear's lack of bona fide intent to use its Knix Wear marks in relation to the goods claimed in under the Knix Wear Marks and corresponding Application Ser. Nos. 85/799,741, 85/799,847 and 85/799,823, the Knix Wear Marks and corresponding applications are rendered void *ab initio* as of the

DICKENSON PEATMAN FOGARTY

common law first use date(s), filing date(s) and/or priority date(s) of said marks and/or applications.

## EIGHTH CAUSE OF ACTION
### (Trademark Abandonment - 15 U.S.C. § 1127)

69. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

70. Upon information and belief, Knix Wear has not used and will not use the Knix Wear Marks in commerce on or in connection with some or all of the goods identified in U.S. Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823 and Knix Wear has no intent to do so. As a result of Registrant's failure to use the Knix Wear Marks in association with the identified goods, the Knix Wear Marks at common law, as well as Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823 are void *ab initio*.

71. Upon information and belief, Knix Wear has ceased using the Knix Wear Marks in United States commerce for the goods identified in Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823 and Knix Wear does not intend to use the Knix Wear Marks on the goods identified in such applications.

72. Upon information and belief, Knix Wear has not used the Knix Wear Marks in commerce in connection with the goods identified in Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823 for at least three continuous years preceding the date of filing of this Complaint.

73. Upon information and belief, Knix Wear has never used the Knix Wear Marks in U.S. interstate commerce in connection with the goods identified in Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823.

///

74. Upon information and belief, Knix Wear had and/or has no intent to resume use in commerce of the Knix Wear Marks on or in connection with the goods identified in Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823.

75. Upon information and belief, due *inter alia* to Knix Wear's lack of use of the Knix Wear Marks, the Knix Wear Marks have lost all significance as identifiers of source and/or indicators of origin among consumers.

76. Upon information and belief, Knix Wear has abandoned the Knix Wear Marks, and each of them, pursuant to 15 U.S.C. §1127.

## NINTH CAUSE OF ACTION
(Inequitable Conduct against the USPTO)

77. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

78. On information and belief, the term "knix" as used by Knix Wear is an abbreviated form of the term "knickers" which is commonly defined in dictionaries as "underpants" and is therefore generic as applied to Knix Wear's underwear goods.  See Exhibit F hereto, which shows:

   (a)    printouts from the Merriam-Webster Online Dictionary, located at: < www.merriam-webster.com/dictionary/knickers>,

   (b)    the New York Knicks U.S. professional basketball team's official website, located at: <www.nba.com/knicks/history/whatsaknickerbocker.html>; and

   (c)    the Oxford Dictionary definition for "knicks" located at: <www.oxforddictionaries.com/us/definition/english/knicks>.

79. Plaintiff alleges upon information and belief that Knix Wear, through its attorneys, employees and agents, has made material misrepresentations and/or omissions to the U.S. Patent Trademark Office, in that Knix Wear during the prosecution of Application

Ser. No. 85/799,741 failed to truthfully respond to a "Request for Information" regarding the significance of the term "Knix" as applied to Knix Wear's goods and/or significance of the term "Knix" in the relevant trade as signifying Knix Wear's "knickers" – i.e., underwear goods sold under the Knix Wear Marks.

80. On information and belief, Knix Wear did not disclose to the USPTO the meaning of the term "knix" (i.e., as shorthand for the term "knickers") as used by Knix Wear on or in connection with its underwear products, nor did Knix Wear disclose to the USPTO common definition of the term "knickers" and the corresponding significance of the term "knix" or "KNIX" as applied to Knix Wear's underwear goods, or the significance of the term in the apparel industry.

81. On information and belief, Knix Wear did not respond to the above request for information from the USPTO due to the likelihood that such a response would prompt a rejection of Application Ser. No. 85/799,741 by the USPTO, which failure to respond provides grounds for refusing federal registration of the proposed mark subject of Application Ser. No. 85/799,741.

82. Upon information and belief, were Knix Wear to truthfully respond to the USPTO Request for Information, this would result in a denial of registration for Application Ser. No. 85/799,741 and/or result in the resulting registration, if any, being invalidated and/or deemed unenforceable, or otherwise estop and/or preclude Knix Wear from contending that Plaintiff has infringed any of the Knix Wear Marks.

**TENTH CAUSE OF ACTION**
(Common Law Trademark Infringement)

83. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

84. Upon information and belief, Knix Wear continues to produce, promote, distribute, offer for sale and sell underwear under the Knix Wear Marks in U.S. commerce and within the State of California.

85. Plaintiff alleges in the alternative, that Defendants' above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

86. In the event that Defendants' use of the Knix Wear Marks on underwear is found likely to confuse and mislead consumers into believing that the Knix Wear underwear is affiliated with, associated with, connected to, or sponsored by Plaintiff or its jKNIX Marks (or vice versa), Plaintiff alleges that it will be harmed by such confusion and Defendants will unjustly benefit from such association.

87. Upon information and belief, Defendants' infringing use of the Knix Wear Marks has unjustly increased the profitability of Defendants' Knix Wear brand to the detriment of Plaintiff and at no cost to Defendant.

88. Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' underwear branded with the Knix Wear Marks believing it to be Plaintiff's goods and thereby forego purchase of Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

89. Defendants' continued infringing use of the confusingly similar Knix Wear Marks will harm Plaintiff financially by diminishing the value of Plaintiff's jKNIX Marks and endangering the ability of Plaintiff's jKNIX Marks to serve as a unique and distinctive source indicators for Plaintiff and/or Plaintiff's goods.

90. Unless restrained by this Court, Defendantswill continue to unfairly compete with Plaintiff by using the Knix Wear Marks, wherefore Plaintiff is without adequate remedy at law.

91. Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

92. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## ELEVENTH CAUSE OF ACTION
### (Common Law Unfair Competition)

93. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

94. Defendants' above-averred actions constitute trademark infringement, passing off, false designation of origin and unfair competition in violation of the common law of California and the United States of America.

95. Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

## TWELFTH CAUSE OF ACTION
### (Unfair Business Practices under Cal. Bus. & Prof. Code §17200, et seq.)

96. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

97. Defendants' above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200, et seq.

98. Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. Declaring that Plaintiff's use of the jKNIX Marks does not infringe any right of Knix Wear or in and to the Knix Wear Marks;

2. Declaring that Defendant Knix Wear's Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823 are void *ab initio*;

3. Declaring that Defendant Knix Wear's Knix Wear Marks are generic and/or otherwise invalid;

4. Declaring that Plaintiff's jKNIX Marks are valid, subsisting, registerable, enforceable trademarks;

5. That Defendant Knix Wear had and/or has no bona fide intent to use the Knix Wear Marks;

6. That Defendant Knix Wear has abandoned any rights it may have had to the Knix Wear Marks;

7. That Defendant Knix Wear's inequitable conduct against the USPTO renders its Trademark Application Serial Nos. 85/799,741, 85/799,847 and 85/799,823 and any resulting registration(s) invalid;

8. That Defendant, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with it or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the mark KNIX, KNIXY, FITKNIX, KNIXWEAR, KNIX WEAR or any term or mark confusingly similar to the jKNIX Marks, on or in connection with the advertisement, promotion, distribution, offering for sale or selling of clothing and apparel;

   b. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the goods of Defendants originate with Plaintiff or are likely to lead the trade or public to associate Defendants with Plaintiff;

DICKENSON PEATMAN ❧ FOGARTY

9. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

10. That Defendant, its partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with it or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the Knix Wear Marks together with all artwork and other means and materials for making and reproducing the same;

11. That Defendants be ordered to recall all infringing products bearing the Knix Wear Marks in the marketplace from retailers;

12. That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's jKNIX Marks in an amount to be determined at trial;

13. That Plaintiff's damages be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

14. That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

15. In the alternative, that Plaintiff is an innocent common law user of the jKNIX Marks in a remote geographic location prior to the use of the Knix Wear Marks by Knix Wear;

16. In the alternative, that Plaintiff is a lawful, concurrent user entitled to registration and continued use of its jKNIX Marks; and

17. That Plaintiff be granted such other and further relief as this Court shall deem just and proper on the merits.

///

///

1   Dated: April 21, 2015

2                                   Respectfully submitted,

3                                   DICKENSON, PEATMAN & FOGARTY

4
                                    By
5                                        J. Scott Gerien
                                         Christopher J. Passarelli
6
                                    1455 First Street, Ste. 301
7                                   Napa, California 94559
                                    Telephone: 707-252-7122
8                                   Facsimile: 707-255-6876

9                                   Attorneys for Plaintiff,
                                    J KNIX LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    24                              CASE NO.

1

<u>DEMAND FOR JURY TRIAL</u>

2

3          Plaintiff hereby requests a trial by jury in this matter.

4

5    Dated: April 21, 2015

6                                    Respectfully submitted,

7                                    DICKENSON, PEATMAN & FOGARTY

8

9

10   By _____
                                         J. Scott Gerien
11                                       Christopher J. Passarelli

12                                       1455 First Street, Ste. 301
                                         Napa, California 94559
13                                       Telephone: 707-252-7122
                                         Facsimile: 707-255-6876

14                                       Attorneys for Plaintiff,
                                         J KNIX LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28